IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOSE FRANCISCO QUINCHE          §
CAISAGUANO,                     §
                                §
    Petitioner,                 §
                                §
                                §
v.                              §          CAUSE NO. EP-26-CV-627-KC
                                §
MARY DE ANDA-YBARRA, et al.,    §
                                §
                                §
    Respondents.                §

## ORDER

On this day, the Court considered Jose Francisco Quinche Caisaguano's Petition for a Writ of Habeas Corpus, ECF No. 1.  Quinche Caisaguano is detained at ERO El Paso Camp East Montana in El Paso, Texas.  *Id.* ¶ 9.  He argues that his detention is unlawful and asks the Court to order his release.  *Id.* ¶¶ 6, 17–27; *id.* at 7.

Quinche Caisaguano entered the country in 2023, was apprehended at the border, detained, and then released.  *Id.* ¶ 2.  On September 8, 2025, Quinche Caisaguano was arrested by immigration authorities on his way to work and re-detained.  *Id.*  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Quinche Caisaguano's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Quinche Caisaguano's case warrant a different outcome."  *Id.* at 1–2.

Respondents argue that Quinche Caisaguano's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 3.

Quinche Caisaguano argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 6, 17–27.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Quinche Caisaguano's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Quinche Caisaguano's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–24, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct.

30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Quinche Caisaguano's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Quinche Caisaguano's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Quinche Caisaguano's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 24, 2026**, Respondents shall either: (1) provide Quinche Caisaguano with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Quinche Caisaguano's continued detention; or (2) release Quinche Caisaguano from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 24, 2026**, Respondents shall **FILE** notice informing the Court whether Quinche Caisaguano has been released from custody. If Quinche Caisaguano has not been released from custody, Respondents shall inform the Court

---

[1] The relevant facts are undisputed, *see* Resp. 3, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Quinche Caisaguano's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at \*3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at \*5 n.1).

3

whether and when a bond hearing was held in accordance with the preceding paragraph.

Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Quinche Caisaguano is released from custody,

Respondents shall **RETURN** all of his personal property in their custody to him upon release.

Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 24, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 17th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE