**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE FRANCISCO QUINCHE CAISAGUANO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-627-KC** |
| **MARY DE ANDA-YBARRA, et al.,** | § § § | |
| **Respondents.** | § § | |

**FINAL JUDGMENT**

On this day, the Court considered the case. On March 17, 2026, the Court granted in part Jose Francisco Quinche Caisaguano's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Mar. 17, 2026, Order 3, ECF No. 5.

Respondents have now informed the Court that on March 19, an IJ denied Quinche Caisaguano bond on the basis that Respondents met their burden in proving he is a flight risk. Advisory, ECF No. 6; *see id.* Ex. A ("IJ Order"), ECF No. 6-1.

It appears that the only remaining matter to be resolved in this case is Quinche Caisaguano's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 7, ECF No. 1; *see generally* Mar. 17, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**.

**SO ORDERED**.

**SIGNED this 26th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE